## CLARKIN v. LEWIS.

T. AND J. contracted with L. for the purchase of certain real property, paid the purchase money, took from L. an obligation for a deed within five days, and entered into possession. Forty days afterwards, L. tendered a deed, which was objected to by the vendees on account of its form, and subsequently at the request of the vendees another deed was tendered, which was also objected to on the ground that it was not executed by the proper parties; but no objection to either deed was made on account of the time at which it was tendered— *Held*, that the stipulation as to the time of the execution of the conveyance was waived.

A contract by a married man for the sale and conveyance of land is not, if the premises are the homestead of himself and wife, fulfilled by the tender of a conveyance executed by himself alone.

APPEAL from the Sixth Judicial District.

The facts are sufficiently stated in the opinion.

*E. B. Crocker*, for Appellant.

I.   An agreement to make a good and sufficient deed, only requires a deed good in form, and sufficient to convey the grantor's interest.   (*Brown* v. *Covillaud*, 6 Cal. 568; *Green* v. *Covillaud*, 10 Id. 317.)

Where the purchaser enters into possession, he waives all objections to the title.   (1 Sugden Vendors, 463 [23], 464 [26], 466 [32], 11 and 12.)

II.   The vendee who seeks to rescind the contract must deliver back the possession and account for the rents and profits before suit.   (*Fratt* v. *Fiske*, 17 Cal. 378; *Jackson* v. *Norton*, 6 Id. 187; *McCracken* v. *San Francisco*, 16 Id. 633; *Walker* v. *Sedgwick*, 8 Id. 398; *Hitchins* v. *Neuges*, 11 Id. 28.)

III.   In a contract to sell land, where the money is paid, but the deed is not executed, the vendee cannot rescind the contract and recover back the consideration, but he must sue on the agreement.   (*Fuller* v. *Hubbard*, 6 Cow. 13.)

A purchaser of real estate cannot reclaim the purchase money unless he has been evicted.   (*Salmon* v. *Hoffman*, 2 Cal. 138.)

*Geo. R. Moore*, for Respondent.

Clarkin *v.* Lewis.

I. The deed should have been executed and delivered in five days, or Truett and Jones were not bound to receive it. Truett and Jones had paid the entire consideration in advance, that is, on the day of the execution of the bond, and nothing more was required of them in the premises. The only thing left to be done to close up the whole transaction, was the execution and delivery of the deed by Lewis,·and the delivery of the possession of the premises within five days from the ninth of March.

II. Lewis had no title to this property at the date of the bond, or at the date of the deed, which he could convey by his separate deed. The lot was the homestead of Lewis and his wife, which they held as joint tenants.

" When one sells real estate without title at the time of the sale, the contract is a nullity; and the vendee may recover back the purchase money paid under such a contract." *Pipkin* v. *James*, 1 Humph. 325; *Thompson* v. *Gould*, 20 Pick. 134; *Dill* v. *The Inhabitants of Wareham*, 7 Met. 438.)

Where a vendor of land has been so negligent as to have no claim on a Court of Equity for a specific performance, the vendee may disaffirm the contract, and recover back the purchase money paid. In such case the vendee is not bound to demand a deed of the vendor, whose duty it is to prepare it." (*Cooper* v. *Brown*, 2 McLean, 495; *Richards* v. *Allen*, 5 Shep. 296.)

III. The description of the property in the deeds tendered was vague and indefinite, and did not cover the land bargained for in the contract of purchase.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Truett and Jones contracted with the defendant for the purchase of certain real estate, paying the purchase money and taking an obligation for a conveyance within five days thereafter. The plaintiff sues as assignee of Truett and Jones, and seeks to recover back the purchase money, on the ground that the defendant has failed to perform his part of the contract. The Court below decided against him, holding that the contract had been performed, but afterwards granted a new trial, and the defendant appeals.

Clarkin *v.* Lewis.

It is admitted that no conveyance was executed within the time specified, and it is contended that this is a conclusive answer to the appeal. It appears, however, that Truett and Jones went into possession of the property, and continued in possession of it, receiving the rents and profits, after the time mentioned in the contract had expired. During the period of their possession, frequent applications were made for a conveyance, and two conveyances, executed at different times, were tendered to them as complying with the contract. These conveyances were rejected as insufficient, but no objection was made as to the time of their execution; and under the circumstances, this objection must be deemed to have been waived. It is claimed by the defendant that the time fixed was not an essential ingredient of the contract, but the view taken supersedes the necessity of a decision on that point.

The more important questions arise upon the conveyances themselves, it being contended that neither of them sufficiently describes the property, and that they are not so executed as to pass the title. The evidence in regard to the description is vague and unsatisfactory, and the Court below must upon reflection have considered it insufficient to justify the finding, or at least of such a character as to render a new trial proper. The particular ground upon which the Court acted does not appear; but it is fair to assume this as one of the grounds, and the rule by which we have always been governed in such cases precludes interference on our part.

The position that the conveyances are not sufficient to pass the title rests upon the ground that the property is a homestead, the conveyances being signed by the defendant alone, who is a married man. If the property is a homestead, this, undoubtedly, is a valid objection to the conveyances; but as the case must be retried, it is unnecessary to consider the subject upon the evidence now before us.

The order granting a new trial is affirmed.