### OLIVER T. ASHBAUGH

*v.*

### MICHAEL T. MURPHY *et al.*

1. PRACTICE—*remarks of judge.* Where the court is urged to exclude the plaintiff's evidence, on the ground of its variance from the description of land in the declaration, the remarks made by the judge as to the identity of the description on overruling a motion to exclude the evidence, being no more than necessary in deciding the motion, will not be ground of error.

2. VENDOR AND VENDEE—*tender of deed, and specific objection thereto.* Where a purchaser of land refuses to accept a warranty deed for the land purchased, when tendered by the vendor, solely on the ground he is not able to make payment, he can not, when sued for breach of his covenant, defeat the action by showing the land was not free from incumbrance. If he was able and ready to pay when such tender was made, and objected to the deed because of incumbrance, the vendor might then have been able to show that the property was free from incumbrance at the time of the tender.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

This was an action of covenant upon a written contract for the sale of certain lands by Michael Murphy and Elizabeth Murphy, his wife, to the defendant, Oliver T. Ashbaugh, which contract the defendant had destroyed. The defendant covenanted to pay $1680 for the land, and paid $55 on the same. The plaintiff recovered judgment for $250 damages.

Mr. J. A. CRAIN, for the appellant.

Mr. U. D. MEACHAM, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

No variance is perceived between the proof as to the description of the land and the description given in the declaration. Plaintiff seems to have been a rather dull witness, but the jury and court appear to have understood him to describe the land substantially as it is described in the declaration, and that is sufficient.

Objection is taken to a remark made by the court in relation to the identity of the description of the land; but in view of the fact the court had been repeatedly urged to exclude all evidence on that branch of the case offered by plaintiff, it is not perceived how the court could have said any less than it did in deciding the questions so persistently urged before it.

The evidence offered sufficiently sustains the finding of the jury. Whether defendant signed the contract for the sale of the premises, and was, therefore, bound by its terms, was a question of fact, and as there is testimony that justifies the finding for plaintiff on that question, we do not see how the verdict can be disturbed. The contract, that afforded the only conclusive evidence on this point, was destroyed by defendant, and on the secondary evidence as to that fact in the case, the finding of the jury is against him, and we can not say it is not sustained.

According to plaintiff's version of the testimony (and the jury seem to have adopted that view), when plaintiff tendered a warranty deed to defendant the latter made no objection to it, but placed his refusal to accept the deed and pay for the land on the sole ground he did not have the money. Had he himself been ready to perform the contract, and objected to the deed because the property was incumbered, plaintiff might have been able to show the property was free from all incumbrance and the title perfect. But defendant makes no pretense that

he was ready, and able and willing to perform the contract, nor that he made any specific objection to the deed tendered.

Substantial justice has been done, and the judgment must be affirmed.

*Judgment affirmed.*