[No. 14012.   In Bank. — August 31, 1891.]

## THEOBALD HERBERGER, RESPONDENT, *v.* H. HUSMAN, APPELLANT.

VENDOR AND PURCHASER — RESCISSION OF CONTRACT — NOTICE OF DISSATISFACTION — TIME OF NOTICE. — Where the vendor of land agreed that if the purchaser should be dissatisfied with the purchase at the end of one year, when the balance of the purchase price became payable, he would return the money received, with interest, provided the purchaser gave him thirty days' notice and a surrender of the title to the land purchased, it is not premature for the purchaser, at a time more than thirty days before the end of the year, to give written notice of his dissatisfaction and demand the return of the purchase-money, with interest, and offer to surrender the title, though the vendor could not be required to return the money before the end of the year.

ID. — TENDER OF RELEASE — EFFECT OF WRITTEN OFFER. — A written offer by the purchaser to surrender the title to the land purchased is equivalent to the actual production and tender of a written release or quitclaim.

ID. — WAIVER OF TECHNICAL TENDER — ESTOPPEL IN PAIS. — Where, in addition to such written notice of dissatisfaction, demand of return of purchase-money, and offer to restore title, a like verbal notice, demand, and offer were made and given at the precise end of the year, and repeatedly thereafter, and on each occasion the vendor promised to return the purchase-money, with interest, and only claimed or objected that he did not have the money at the time, and led the purchaser to believe and act upon the belief that he would return the money as soon as he could raise the amount, he is estopped by his conduct from objecting that no, complete technical tender of a release of title was made by the purchaser at the end of the year, or that the contract was not then tendered for cancellation.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. L. Horton*, for Appellant.

*Allen & Miller*, for Respondent.

PATERSON, J. — The defendant agreed that if plaintiff should be dissatisfied with the purchase of the lots at the end of one year (at which time, November 30, 1888, the balance of the purchase price was to be paid), he, the defendant, would return the fifteen hundred dollars, with interest thereon, provided the plaintiff gave him thirty days' notice and a surrender of the title to the lots. The plaintiff did become dissatisfied with the purchase, and notified defendant of the fact on September 13, 1888, in a written notice which contained a demand for the return of the fifteen hundred dollars, with interest, and an offer thereupon to surrender the title to the lots. Again, on November 30, 1888, the agent of plaintiff notified defendant of the plaintiff's dissatisfaction, made an express demand upon him for the return of the fifteen hundred dollars, and offered to surrender the title. · In January and March following, similar statements, demands, and offers were made, and on every occasion the court finds, upon sufficient evidence, the " defendant promised to return said sum of fifteen hundred dollars, with interest as aforesaid, and accept a return of the title conveyed by said agreement to the property herein mentioned."

The written notice of dissatisfaction was not premature. The terms of the contract are plain and easily understood. Defendant agreed to return the money upon thirty days' notice, if plaintiff was dissatisfied with his purchase at the time the balance of the purchase price became payable. The defendant could not be re-

quired to return the money before the end of the year, and not then unless the thirty days' notice was given. The plaintiff's offer in writing was equivalent to the actual production and tender of a written release or quitclaim. (Code Civ. Proc., sec. 2074.) But if the appellant's contention that the contract called for notice of dissatisfaction at the end of the year, and at no other time, be taken as the true meaning of the terms of the contract, it is sufficient to say that such notice was given. It is not clear that a written release was necessary to restore the title to defendant. But be that as it may, defendant is estopped by his conduct from claiming that no release was tendered, or that the contract was not tendered for cancellation. The only claim or objection he made was, that he did not have the money at the time. He led the plaintiff to believe that he would return the money as soon as he could raise the amount; and having induced the defendant to act upon the belief that he would do so, it is too late now to change his position, and defeat the plaintiff on the ground that a complete technical tender was not made. (2 Herman on Estoppel and Res Adjudicata, secs. 820, 822, 825, 1042; *Ashbaugh* v. *Murphy*, 90 Ill. 182; *Whelan* v. *Reilly*, 61 Mo. 568; *Brock* v. *Hidy*, 13 Ohio St. 306; *Hills* v. *Exchange Bank*, 105 U. S. 319.)

Other questions presented by appellant have not been overlooked, but we deem it unnecessary to discuss them. They are without merit.

The judgment and order are affirmed.

GAROUTTE, J., McFARLAND, J., SHARPSTEIN, J., DE HAVEN, J., HARRISON, J., and BEATTY, C. J., concurred.