[Crim. No. 849. In Bank.—June 25, 1902.]

## THE PEOPLE, Respondent, v. GERTRUDES ALMENDARES, Appellant.

CRIMINAL LAW—BILL OF EXCEPTIONS—REFUSAL OF SETTLEMENT—REVIEW UPON APPEAL.—Although this court will consider a bill of exceptions settled on behalf of a defendant in a criminal case, notwithstanding it was presented after the statutory time, yet where the law, upon the showing, justified the court in refusing to settle

---

[1] 94 Am. Dec. 770.

the bill, there is nothing before this court to be considered upon appeal from the order denying a new trial. In such case, where no error appears in the record, and the verdict is justified by the evidence set forth in the unsettled bill, the judgment and order must be affirmed.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.·

L. E. Dadmun, and H. A. Jerauld, for Appellant.

Tirey L. Ford, Attorney-General, for Respondent.

GAROUTTE, J.—The defendant has been convicted of the crime of murder and sentenced to suffer capital punishment. The court is greatly embarrassed in the consideration of the appeal by reason of the fact that there is no brief upon file upon the part of the defendant. Again, the trial judge refused to settle the bill of exceptions presented by defendant upon his appeal from the order denying a motion for a new trial, basing his refusal upon the ground that the bill was not presented in time. This court has often held that it will consider a bill of exceptions settled upon appeal in a criminal case upon the part of a defendant, even though the statutory time for its presentation to the trial judge for settlement had expired when it was presented; and in this case, while the law upon the showing made justified the action of the court in refusing to settle the bill, still, considering its gravity, the life of a human being resting in the balance, the judge might well have tempered justice with mercy, and have settled the bill; but he did not do so, and necessarily there is nothing before this court for its consideration upon the appeal from the order denying the motion for a new trial.

Upon the appeal from the judgment the court has consid-ered the sufficiency of the information and finds the pleading unobjectionable. The instructions to the jury have also been carefully examined, and there are no substantial grounds to be urged against their validity. The proposed bill of exceptions which the trial judge refused to settle is before us. It purports to contain a full statement of the evidence given at

the trial. Upon that evidence the jury were justified in find-
ing a verdict of murder of the first degree against defendant.
While he testified in his own behalf, claiming that the killing
was done in self-defense, it is evident that the jury gave no
credence to his testimony.

Upon the record before the court, the judgment and order
denying a new trial must be affirmed, and it is so ordered.

Harrison, J., McFarland, J., Van Dyke, J., and Henshaw,
J., concurred.