## SCHWARTZ *v.* WOODRUFF.

1. LAND CONTRACTS—ASSIGNMENT OF INTEREST—CLOUD ON TITLE.
   A person who has purchased land on a contract, and entered
   into a written agreement with three persons, assigning to
   each an undivided one-fourth interest, cannot, upon obtain-
   ing a deed from the vendor, convey a perfect title to another
   who has notice of the assignment.

2. FORECLOSURE OF LAND CONTRACT—TITLE—NOTICE—ESTOPPEL.
   A vendee in a land contract, who, knowing of an imperfection
   in the title tendered him, refused to accept the conveyance,
   and pay the balance of the purchase price, solely on the
   ground that he did not have the money, cannot defeat a suit
   to foreclose the contract on the ground that the title tendered
   him was imperfect; but the decree should require the vendor
   to remove the cloud from the title.

3. DEEDS—ACKNOWLEDGMENT—NOTARY—INTEREST.
   A certificate of acknowledgment of a deed by a notary who is
   interested in the land does not render the deed void, as title
   would pass without an acknowledgment. *Brown* v. *McCor-
   mick,* 28 Mich. 219.

4. APPEAL—EVIDENCE—OBJECTION.
   A party who does not object to the admission of a deed in evi-
   dence because it was acknowledged before an interested
   notary cannot raise the question on appeal.

Appeal from Wayne; Rohnert, J.   Submitted Febru-
ary 20, 1903.   (Docket No. 111.)   Decided March 23,
1903.

Bill by Charles Schwartz against Fremont Woodruff to
foreclose a land contract.   From a decree for complainant,
defendant appeals.   Modified and affirmed.

*Walter E. Oxtoby* (*Keena & Lightner,* of counsel),
for complainant.

*De Forest Paine,* for defendant.

CARPENTER, J. This was a suit brought to foreclose a land contract and obtain a decree for a deficiency against defendant. The court below rendered a decree in complainant's favor. Defendant appeals, asking a reversal, because complainant only owned an undivided interest in the land in question, and because the deed of complainant's grantor was acknowledged before an interested party.

The facts are undisputed, and may be briefly stated. The contract between complainant and defendant was made October 18, 1892, and obligated complainant to deliver to defendant, on the payment of the agreed purchase price, "a good and sufficient conveyance in fee simple, * * * free and clear of and from all liens and incumbrances, except such as may have accrued subsequent to the date hereof by or through the acts or negligence" of defendant. At the time of the execution of said contract, said complainant's title was that of a contract purchaser only, he having obtained, on May 1, 1891, his contract of sale from the owner of the land, Bishop Foley, of Detroit. Before making said purchase, complainant had a verbal understanding with Frank A. Schulte, William W. Hannan, and James T. Keena that he and each of them should have an undivided one-fourth in the property in question, and the next day after said purchase he and they entered into a written contract in accordance with said understanding. By this contract each of the four became an owner of a one-fourth interest in the property, and each obligated himself to carry out the provisions of the contract between complainant and Bishop Foley. In accordance with a verbal agreement between these four, Bishop Foley executed a deed October 24, 1892, transferring the title to complainant, the acknowledgment to which was taken before and certified by Mr. Keena as notary public. Defendant continued to make payments on his contract until October 10, 1901.

Before this suit was commenced, and after the agreed purchase price became due, complainant tendered defendant a deed of this land, and demanded payment of the

balance due. Defendant refused to accept the conveyance and pay said balance on the sole ground that he did not have the money, though he had known for two or three years that Schulte, Hannan, and Keena had an interest in the venture, and was thereby charged with notice of their actual interest in the land. *Converse* v. *Blumrich*, 14 Mich., at page 120 (90 Am. Dec. 230). If the title tendered defendant was defective on account of the assignment of an interest in the land by complainant to Schulte, Hannan, and Keena, it was in the power of the complainant to comply with any objection on that ground, and perfect the title. As no such objection was made at the time of the tender, it would be inequitable to permit that objection to prevail now for the purpose of defeating this suit. When complainant commenced this suit, he had a right to assume that the title tendered by him was sufficient.

An injustice would, however, result to defendant if he were compelled to pay, as required by the decree appealed from, the difference between what can be obtained by the sale of a questionable title and what he has agreed to pay for a title which is free from question. The assignment to Messrs. Schulte, Hannan, and Keena clearly does cast a doubt upon the title tendered to defendant. The decree should be so modified as to require complainant to obtain from Messrs. Schulte, Hannan, and Keena a transfer of all their legal title to said property, reserving to themselves, if they choose, their right to an accounting from him. If the defendant does not pay the balance ascertained to be due within 30 days after said deed is filed in the office of the register of deeds, proceedings may be taken in conformity with said decree.

Relying upon *Groesbeck* v. *Seeley*, 13 Mich., at page 345, and *Laprad* v. *Sherwood*, 79 Mich., at page 524 (44 N. W. 943), defendant's counsel urges that the acknowledgment of Bishop Foley to his deed to complainant was void, because taken before Mr. Keena, who was an interested party. If this is true—which is by no means certain, as nothing passed to Mr. Keena by the deed, and as his

rights in the property were, legally speaking, the same before the deed was made as afterwards—it would not impair the validity of the deed itself. Without any acknowledgment whatever, the title would pass. *Brown* v. *McCormick,* 28 Mich. 215, 219. At most this objection goes only to the admissibility of the deed in evidence. As defendant did not make this objection, or any objection which raised this question, when the deed was admitted in evidence by the court below, he cannot avail himself of it on this appeal.

The decree of the court below will be modified as indicated in this opinion, and affirmed. Defendant will recover costs in this court, and the complainant the costs of the court below.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. MOORE, J., did not sit.