## THE PEOPLE v. VALCOURT.

MOTION of the defendant for permission to file the bill of exceptions and statement of the case.

No. 255.—Decided October 13, 1910.

CRIMINAL LAW—APPEAL—BILL OF EXCEPTIONS—STATEMENT OF THE CASE.—A day having been set for the hearing of this appeal, the appellant, through his attorney, filed a motion requesting that he be permitted to present a bill of exceptions and a statement of the case; but as his motion was not accompanied either by the bill of exceptions or the statement of the case, and it not being intimated that these documents existed and had already been approved by the trial judge, or were being prepared with his consent, and counsel for the defendant not having sworn that the latter had a good defense, the Supreme Court, taking into account the provisions of section 295 of the Code of Criminal Procedure and of section 17 of the rules approved by the district courts, as also the doctrine established in *Brown* v. *Prewett,* 94 Cal., 502, and *People* v. *Almendares,* 136 Cal., 660, denied the motion.

The facts are stated in the opinion.
*Mr. Luis Llorens Torres* for petitioner.

*Mr. Jesús M. Rossy, fiscal,* for the opposition.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Judgment in this case was rendered on June 18, 1910, and an appeal was taken therefrom on the 21st of the same month. The transcript of the record was received at the office of the secretary of this court, on July 5, and after the *fiscal* had reported on the case, the 6th instant was set for the hearing thereof.

At this stage of the proceedings, the appellant, through his attorney, filed a motion requesting that he be permitted to present the bill of exceptions and a statement of the case, and in support of said motion an affidavit of the defendant's counsel was submitted in which the latter sets forth that he had but very recently assumed the legal representation of the defendant; that, owing to causes unknown to him, the defendant was left without defense at the time the judgment appealed from was rendered; that the defendant is a person with but slight education, unacquainted with criminal procedure, and despite his diligence, he was unable to secure counsel in time. The hearing of the said motion was had on October 10, with the attendance of counsel for the defendant who presented oral arguments in support of the motion, which were contested by the *fiscal*.

The motion was not accompanied either by a bill of exceptions or a statement of the case, the filing whereof is requested, nor was it intimated that these documents existed and had already been approved by the trial judge or were being prepared with his consent; nor had the counsel for the defendant sworn that the latter had a good defense.

Considering the facts above set forth, and in view of the provisions contained in section 295 of the Code of Criminal Procedure and in section 17 of the rules for the conduct of criminal cases, approved by the Judge of the District Court of Guayama and the Attorney General, in 1904, as also the doctrine laid down in the cases of *Brown* v. *Prewett*, 94 Cal., 502, and *The People* v. *Almendares*, 136 Cal., 660; and

considering, moreover, that the reasons alleged are not sufficient, we are of the opinion that the permission applied for by the defendant in his motion of October 4, 1910, should be denied.

*Motion denied.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.