[Civ. No. 799. Second Appellate District.—November 17, 1910.]

L. F. HAMMOND, Respondent, v. LORING B. HASKELL and M. PIKE, Appellants; W. R. COSPER, Codefendant.

ACTION ON NOTE — CONSIDERATION — AGREEMENT FOR SURRENDER OF PLAINTIFF'S STOCK TO CORPORATION—DELIVERY TO PRESIDENT JOINT MAKER.—Where a note sued upon was executed by the president of a corporation and other stockholders interested therein, in consideration of an agreement that the plaintiff should surrender to the corporation the stock held by him therein, which did not specify how or in what manner the stock should be surrendered to the corporation, the plaintiff properly delivered the shares to the president of the company with whom and other defendants advancing the consideration therefor the agreement was made.

ID.—DELIVERY OF SHARES TO MAKERS FOR COMPANY — KNOWLEDGE OF PERFORMANCE—ABSENCE OF OBJECTION TO MODE — WAIVER.—When the shares of stock were delivered, indorsed to appellants as joint

makers, to one of them as president, they knew that such delivery was in performance of plaintiff's agreement to surrender the stock to the company. If they objected to the mode of performance, they should have stated such objections, thus enabling plaintiff to obviate· the .same; otherwise, the objections must be deemed to have been waived.

ID.—WORDS OF NONACCEPTANCE INDORSED ON CERTIFICATE—ABSENCE OF OBJECTION TO MODE OF SURRENDER—LETTER RETURNING CERTIFICATE. Words indorsed on the certificate of stock, "Not accepted, no consideration," cannot be regarded as an objection to the mode or manner in which plaintiff offered to surrender the stock to the corporation. Neither is there anything in the letter returning such certificate to plaintiff showing that appellants objected either to the manner or time of surrender of the stock. .

ID.—REDELIVERY OF SHARES—RETENTION WITHOUT OBJECTION—OBJECTION IN ANSWER—ESTOPPEL.—When plaintiff, shortly after return of the certificate, again delivered the shares of stock to appellants, who made no objection to the mode of performance, but by their silence led plaintiff to believe that such renewed act was accepted as full and complete performance, they were estopped to object to performance in their answer, where no damage from nonperformance is claimed therein.

ID.—VALIDITY OF AGREEMENT TO TRANSFER SHARES TO CORPORATION—CONSTRUCTION IN FAVOR OF PURCHASE FOR STOCKHOLDERS.—While the validity of the agreement construed as a contract involving the sale and transfer to the corporation of its own shares of stock is not argued or presented, yet, conceding that such construction would render the contract invalid, nevertheless the contract is susceptible of the construction that under its terms the defendants were making a purchase upon their own account and directing the delivery to the corporation for their benefit.

ID.—CONTRACT CAPABLE OF TWO CONSTRUCTIONS—VALIDITY PREFERRED. Where a contract is susceptible of two constructions, one making it valid and the other void, the first ought to be preferred.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Roland G. Swaffield, for Appellants.

John E. Daley, for Respondent.

SHAW, J.—Action to recover upon a promissory note made and executed by defendants to plaintiff. Judgment went for

plaintiff, from which defendants Haskell and Pike appeal upon the judgment-roll accompanied by bill of exceptions.

It appears from the findings that the note was made and delivered in consideration of an agreement whereby plaintiff promised defendants to return and surrender to a corporation known as the Home Bond and Building Association certain shares of stock which he owned and held in said corporation.

Contending that they are not supported by the evidence, appellants attack certain findings to the effect that plaintiff indorsed the certificate for the said shares of stock so owned by him and surrendered and delivered the same to defendant Loring B. Haskell on behalf of the said Home Bond and Building Association, who received and accepted the same from the plaintiff for and on behalf of the association; that at said time Haskell did not make any objection whatever to the mode of delivery so made by plaintiff to him on behalf of said corporation.

The note was delivered on November 19, 1907, and payable December 1, 1907. The testimony of Haskell is to the effect that he was elected president of the corporation on the date of the delivery of the note, and that about December 7th one Redburn handed him an envelope containing the certificate of the shares of stock of said corporation so owned by plaintiff, which certificate was indorsed to Loring B. Haskell and M. Pike; that upon receipt of same Haskell and Pike indorsed upon the certificate, "Not accepted, no consideration, L. B. Haskell, M. Pike," and as thus indorsed returned it to plaintiff with a letter, wherein, among other things, it was stated: "We authorized no one to transfer this stock to us, and as officers of the company we cannot cancel a stock certificate. We have also had notice from our principal creditor not to transfer a share of this stock at our peril. . . . We are trying to adjust matters and conserve the assets of the company for the benefit of all concerned. Mr. Pike and myself have put more cash into stock than anyone else. We have also spent some of our personal cash, as well as our time, with no money in the treasury at present to pay us for a very trying, annoying service, since the company stopped active business. We feel that every one should stand up and share the loss, especially the officers and stockholders, and not try to put the burden on any few men." The agreement did not specify

how or in what manner the stock should be surrendered to the corporation, and, in the absence of such specification, plaintiff very properly delivered the shares to Haskell, who was president of the company, and with whom and other defendants advancing the consideration therefor the contract was made. When the shares of stock were delivered to appellants they knew that such delivery was in performance of plaintiff's agreement to return and surrender the stock to the company. If they objected to the mode of performance, they should have stated such objections, thus enabling plaintiff to obviate the same; otherwise, the objections must be deemed to have been waived. (Civ. Code, sec. 1501; Code Civ. Proc., sec. 2076; *Kofoed* v. *Gordon,* 122 Cal. 314, [54 Pac. 1115].) The words indorsed on the certificate, "Not accepted, no consideration," could not be regarded as an objection to the mode or manner in which plaintiff offered to surrender the stock to the corporation. Neither is there anything in the letter showing that appellants objected either to the manner or time of the surrender of the stock. On the contrary, the letter indicates a desire on the part of appellants to repudiate the agreement and refuse to accept the surrender on behalf of the corporation, not on account of objections to the manner of performance, but because of the fact that they felt plaintiff should continue in the enterprise and share the loss, which appellants deemed inevitable. A further objection was that one of the principal creditors objected to the carrying out of the transaction.

Moreover, when plaintiff, shortly after December 7th, again delivered the shares of stock to appellants they made no objection to the mode of performance, but, on the contrary, so far as disclosed by the record, by their silence led plaintiff to believe that such renewed act on his part was accepted as a full and complete performance. They retained possession of the shares of stock, and not until they filed their answer was he apprised of the fact that they claimed nonperformance by reason of his failure either to deliver the stock in time or to the proper parties for and on behalf of the company. Such circumstances, even in the absence of a complete technical performance, should, in our judgment, estop defendants from pleading want of performance, especially where it is not claimed that defendants sustained any damage by reason of

the alleged breach.    (*Herberger* v. *Husman,* 90 Cal. 583, [27 Pac. 428].)

The validity of the agreement construed as a contract involving the sale and transfer to the corporation of its own shares of stock is not argued or presented. Conceding that such interpretation would render the contract invalid, nevertheless, this contract is susceptible of the construction that under its terms the defendants were making a purchase of the stock upon their own account and directing the delivery to the corporation for their benefit. "Where a contract is capable of two constructions, the one making it valid and the other void, . . . the first ought to be adopted." (*McVicer* v. *McKenzie,* 136 Cal. 660, [69 Pac. 496].)

The judgment is affirmed.

Allen, P. J., and James, J., concurred.