[Civ. No. 1228. Second Appellate District.—February 11, 1913.]

MARY B. SCOTT, Appellant, v. F. C. GOODIN, Respondent.

CORPORATIONS—SALE OF STOCK—CONTRACT TO REPURCHASE—OPTION.—
A contract executed by the seller of corporate stock, whereby he agrees to purchase the stock at an advance on or before twelve months from date, is not a bilateral agreement for the resale and purchase of the stock, but gives the buyer an option which he must exercise within the time limited.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Grant Jackson, for Appellant.

Horace S. Wilson, and Constan Jensen, for Respondent.

JAMES, J.—Plaintiff has appealed from an order denying her motion for a new trial made after judgment rendered in favor of defendant. The record presented consists of the judgment-roll and a statement of the evidence.

For a cause of action, plaintiff alleged in her complaint that defendant, in April, 1905, induced her to purchase six thousand shares of the capital stock of a mining corporation at the price of twenty-five cents per share, representing to her that the company owned valuable mining property in Mexico; that defendant agreed that he would repurchase the stock "within twelve months thereafter" at the price of thirty cents per share; that the representations made by defendant as to the character and value of the mining property were false and

untrue and made for the purpose of defrauding plaintiff; that the shares of stock purchased were of no value. It was further alleged that defendant had not repurchased the stock, and that prior to the commencement of the action plaintiff had demanded that he pay her the amount of thirty cents per share therefor as agreed.

We need not consider whether a cause of action for damages, arising out of the alleged false representations made by defendant through which plaintiff was induced to pay her money for worthless stock, is sufficiently stated in the complaint, because at the trial plaintiff relied wholly upon the written contract made by defendant wherein he agreed to repurchase the stock at an advance of five cents per share. A copy of that contract was set out as an exhibit attached to plaintiff's complaint and was admitted by defendant to have been executed by him. It reads as follows:

"Los Angeles, April 18, 1905.

"I hereby agree to purchase from Mary B. Scott the following certificates of stock in the Eureka Mining and Milling Co. and pay her for same thirty (30) cents a share on or before twelve (12) months from this date:

"Certificate No. 21 for 2,000 shares.

"Certificate No. 28 for 4,000 shares.

"It is understood and agreed that during this period, Mary B. Scott accepts no dividends declared by the company on this stock without voiding this agreement.

"F. C. Goodin."

The particular date when plaintiff first demanded of defendant that he repurchase the stock was not set out in the complaint, but the evidence showed that it was not until October, 1907, that she requested him to buy back the shares. As the agreement provided that defendant would repurchase the stock "on or before twelve months from date," it is insisted by counsel for appellant that plaintiff was permitted to make demand within a reasonable time after the twelve months stipulated to had expired and then recover on the contract. In order to reach that conclusion the contract must be considered as an absolute agreement to purchase, save with a limitation of time operating in favor of defendant. In other words, that defendant agreed to repurchase the stock when twelve months had expired, or sooner if he so desired, but

that plaintiff could not compel him to accept and pay for it until the twelve months period had fully run. Counsel for appellant would make of the contract one giving the defendant an option as to the repurchase of the stock within the time limited, for in their brief it is said: "If respondent at any time within this period elected to repurchase the property, he could compel a sale, but appellant could not at any time before the expiration of this date compel him to act." We are not in harmony with the construction placed by appellant upon the contract. In our view, the contract was not a bilateral one for the resale and purchase of the stock; it was made as an inducement to persuade the plaintiff to buy the shares; she could not have been compelled to sell the stock to defendant if she did not so desire, but, on the other hand, she had the option at any time before the expiration of twelve months to compel defendant to take it at the price of thirty cents per share. Not having exercised that optional right within the time limited, no cause of action on the contract arose in her favor. We agree with the trial judge as to the correctness of the judgment entered. Whether the evidence sustains the finding that plaintiff had never demanded that defendant comply with the agreement, need not be considered. The evidence at best showed such demand to have been first made in October, 1907, which was long after any liability assumed by defendant under the agreement had ceased.

Respondent has not aided the court by filing a brief or presenting oral argument, and it appears that his counsel have withdrawn from this case because of respondent's refusal (not his inability) to pay the cost of printing points and authorities in aid of his side of the case. We conclude, however, that all of the material findings of the trial court were sufficiently sustained by the evidence and the motion for a new trial was properly denied.

The order is affirmed.

Allen, P. J., and Shaw, J., concurred.