J. F. DOUGHTY, Appellee, v. H. E. LAW et al., Appellants.

SALES: Rescission by Buyer—Tender—Implied Tender. Tender—
1  an offer to return the property—as a condition precedent to the
   maintenance of an action to recover the price paid, *may be implied.*
   So held as to the correspondence of the parties.

   Ladd and Gaynor, JJ., dissent as to the sufficiency of the letters
   to show a tender.

CONTRACTS: Rescission—Contract Conditions as to Rescission—
2  Sales—Tender. A contract *specifying the procedure to be followed*
   in case the buyer of property elects to demand a return of the
   consideration paid, cannot be added to by the imposition of condi-
   tions additional to those so specified. So held on the question of
   the necessity for a tender.

   PRINCIPLE APPLIED: Plaintiff, in the purchase of corpo-
   rate stock, contracted that, if he should decide not to keep the
   stock, the sellers would, at the price paid and within two years,
   "take the said stock off the buyer's hands," provided he (the
   buyer) *gave the sellers thirty days' notice in writing of his (the
   buyer's) intention.* The plaintiff, within the time specified, gave
   the specified written notice. *Held,* formal *tender* or offer to return
   the stock could not be required of the buyer.

*Appeal from Benton District Court.*—JAMES W. WILLETT, Judge.

FRIDAY, DECEMBER 15, 1916.

ACTION on a contract to repurchase capital stock resulted in judgment as prayed. The defendants appeal.—*Affirmed.*

*R. S. Milner,* for appellants.

*C. W. E. Snyder* and *Clarence Nichols,* for appellee.

LADD, J.—The plaintiff bought five shares of stock of defendants at $100 per share, upon the purchase of which the latter executed this agreement:

"April 19, 1912.

"In consideration of the fact that Mr. J. F. Doughty buys five shares of the preferred stock of the Reliance Brick & Tile Co., we, the undersigned, hereby agree to give to the said J. F. Doughty two and one-half shares of the common stock of the said company, in addition to the amount of common stock he gets from the said company in buying the said preferred stock. We further agree that, should the said J. F. Doughty decide that he does not want the above mentioned stock, that we will take the same off his hands at the price it cost him, at any time within two years, provided that he, the said J. F. Doughty, give us thirty days' notice in writing of his intentions.

"H. E. LAW,
"W. P. HALEY."

The defendants denied that notice was given as exacted, and alleged that the stock had never been tendered to them. The testimony as to the giving of the notice was in conflict, and, therefore, the finding of the trial court conclusive. The only question raised in the brief points is whether the evidence warranted a finding that plaintiff had tendered the return of the stock. Appellee contends: (1) that none was essential under the contract; and (2), if essential, the letters introduced in evidence constituted a sufficient tender. By the terms of the contract, Doughty was allowed to revoke or rescind his purchase at any time within two years, and his election so to do was by giving Law and Haley 30 days' notice of such intention. Such notice was given. Thereupon, it devolved upon Law and Haley to take the stock "off Doughty's hands." They did not do so, and this action was brought to recover the price paid. But the revocation or

1. SALES: rescission by buyer: tender: implied tender.

rescission of the contract necessarily involved the restoration of both parties to *status quo*—that is, the return by each to the other of the consideration given and received. Such is the rule in cases of rescission on the ground of fraud. *Reiger v. Turley*, 151 Iowa 491. As said in *Rose v. Eggers*, 148 Iowa 306, 311:

"Where the party undertaking to rescind has received money or property under the terms of the agreement sought to be avoided, to which he has no claim other than by virtue of the contract, the rule is of universal application that an offer to return, unless the necessity therefor has been obviated by conduct of the other party constituting a waiver, is essential as a condition precedent to the maintenance of an action at law for the recovery of property alleged to have been fraudulently procured."

*Fritz v. Fritz*, 141 Iowa 721; *Van Vechten v. Smith*, 59 Iowa 173; *Donahue v. Prosser*, 10 Iowa 276; *American Soda Fountain Co. v. Dean Drug Co.*, 136 Iowa 312. The reason for the rule is that, though one party may be entitled to the restoration of the property of which he has been deprived, he ought not, in having it restored, to be permitted to retain that also which he has received. The same rule necessarily obtains where revocation or rescission of the right to sell back is reserved by contract; for the law will not permit one party to retain the benefits of the contract, and at the same time compel the other to restore the amount received thereon. *Pitt's Sons' Mfg. Co. v. Spitznogle*, 54 Iowa 36. See 5 Elliott on Contracts, Sec. 5114, where the authors say:

"Where delivery has been made and the property in the goods has passed it is evident that a return of the goods is necessary, or at least an offer to return and not a mere notice to the seller to the effect that the buyer desires to rescind."

See *Milliken v. Skillings* (Me.), 36 Atl. 77; 3 Elliott on Contracts, Section 2436.

As a condition precedent to the maintenance of this

action at law, then, plaintiff, as I think, must have returned the stock to defendants or have tendered the same. It was not returned, and as constituting a tender thereof, plaintiff relied on three letters. The first of these, addressed February 24, 1914, by plaintiff to Law, reads:

"This is notice to you that I do not want the 5 shares of Reliance Brick & Tile Company stock sold to me by you and Mr. W. P. Haley on April 19th, 1912, under contract to take it off my hands at any time within two years by giving you thirty days' notice in writing, trusting you will comply with your contract."

On April 3d, another letter was written by plaintiff to Law, in words following:

"I have not heard from you in reply to letter I wrote you Feb. 24th, 1914, that I should ask you to take the five shares of Reliance Brick & Tile Co. stock off my hands as per your contract of April 19th, 1912, the contract reads that you would do this by giving you thirty days' notice. It has now been over thirty days since you had the Notice. Kindly let me hear from you."

It will be observed that the first letter is merely a notice to Law and Haley, and referred to the contract to "take it off my hands" on giving such notice, but there is not a suggestion of offering the stock. Nor is the intention so to do evidenced by the second letter. It merely recited that the plaintiff had not received a reply to his previous letters, the contents thereof, and that the 30 days had expired, and then says he would like to hear from him. This contains no offer of the stock to Law or to anyone else, nor indicates any purpose of offering the delivery of the same. The letter to Haley of February 24, 1914, is like that sent to Law, but the one of April 13th of the same year differs in language somewhat.

"Will you kindly let me know if you have seen Mr. H. E. Law and can tell me when the five shares of Reliance Brick & Tile Co. stock will be taken off my hands as per yours and

Mr. Law's contract. I wrote you Feb. 24, in regard to this and have not heard from either of you. The contract calls for a settlement thirty days after receiving notice."

This merely calls for information as to when the stock will be taken "off my hands" under the terms of the contract. These letters, as the writer thinks, merely express a readiness to turn over the stock upon repayment of the purchase price, but cannot fairly be construed to tender the delivery of the stock to the defendants. The appellee relies somewhat on *Hamilton v. Finnegan,* 117 Iowa 623. The evidence appears to be somewhat stronger in that case than here, for there the letters called upon the purchaser to come and take the stock, and, in view of the situation, the majority there concluded that this constituted an offer to turn over the stock at the stipulated price. The dissenting justices were of opinion that the letters indicated a mere readiness or willingness so to do, and fell short of an offer to deliver. The writer is still of the opinion then expressed; but, even if it be conceded that the case was rightly decided, mere readiness to turn over the stock in the case at bar, not a tender thereof, only appears by implication; and I am of opinion that this would not suffice to pass title to defendants, and, therefore, recovery of the price paid was erroneously awarded. But the majority of the judges are of the opinion that a tender of the stock, if one were necessary, is to be implied from the letters, and rely on *Hamilton v. Finnegan,* supra.

Also, they say that this is not a case of attempted repudiation or rescission, but a mere adoption by the plaintiff of a right expressly contracted. They say further that plaintiff complied with the terms of the contract in what he did; that the last paragraph "fixed the rights of the parties and specified the procedure." If the plaintiff decided that "he does not want" the stock, then the defendants agree to take it off his hands at the cost price, subject to the single proviso that the plaintiff should "give us 30 days' notice in

2. CONTRACTS: rescission: contract conditions as to rescission: sales: tender.

writing of his intentions.'' By the very terms of the contract, this fixed the mutual liability of the parties. The letters written by the plaintiff to the defendants were manifestly a fair and bona fide compliance with the provisions of the contract. If tender was necessary, it was fairly implied in these letters. So far as the affirmative formality of a tender is concerned, none was required by the terms of the contract, and such requirement of formality ought not to be engrafted upon the relations of the parties now.   To hold otherwise is to subordinate substance to formality.   There was no misunderstanding between these parties as to the intentions of the plaintiff and his readiness to do all that was necessary to comply with their contract in letter and spirit.  Having followed the procedure specified in the contract, it is not open to the defendants to defeat him on the ground of lack of formality.

As the writer thinks, however, this results in allowing plaintiff to retain the stock and at the same time recover judgment for the price paid therefor, and that is intolerable. The opinion of the majority must prevail, and the judgment of the district court is—*Affirmed.*

EVANS, C. J., DEEMER, WEAVER, PRESTON and SALINGER, JJ., for affirmance.

LADD and GAYNOR, JJ., dissent.