SECURITY SAVINGS BANK, Appellant, v. J. H. WORKMAN et al., Appellees.

**CORPORATIONS:** Unilateral Agreement to Repurchase Stock. The unilateral agreement of a corporation to repurchase, under named terms and conditions, stock which it has sold, does not ripen into an enforcible agreement in the hands of an assignee *until the purchaser in some manner manifests an election to avail himself of such agreement.*

*Appeal from Dallas District Court.*—GEORGE B. LYNCH, **Judge.**

FEBRUARY 23, 1920.

SUIT on a promissory note resulted in judgment against the defendant Workman and foreclosure of lien on collateral security, as prayed, and the dismissal thereof as against the Globe Manufacturing Company. The plaintiff appeals.—*Affirmed.*

*S. Trevarthen* and *White & Clarke,* for appellant.

*Dugan & Dugan,* for appellees.

LADD, J.—An employee of the Globe Manufacturing Company, a corporation engaged in business, entered into a contract with the said company, purchasing 1,000 shares of stock, of par value of $1.00 each, and executed his promissory note to it therefor in the sum of $1,000. This stock was retained by the company as collateral security, in pursuance of said agreement, which provided that:

"In consideration of J. H. Workman purchasing one thousand dollars ($1,000) worth of stock in the Globe Mfg. Co. said company agrees to take his note for same for one year drawing 7 per cent interest, holding said stock as collateral security, with the understanding that the dividends paid by the Globe Mfg. Co. on said stock shall apply first toward paying the interest on said note and any balance remaining over after paying said interest shall be applied on the principal of said note.

"It is further understood that in the event that J. H. Workman ceases to be employed by the Globe Mfg. Co. of Perry, Iowa, either because of his voluntary resignation or because of being discharged by said company, that said company agrees to purchase back from him his said one thousand dollars ($1,000) worth of stock and pay him for same the same amount that the stock has cost him. In the event that he has a bona-fide offer from outside parties which amounts to more than what he has actually paid for the stock said company is to have the first opportunity of purchasing from him said stock and paying him for same on the same basis as what he is offered from other parties. At all times and in all events in case he desired to sell this stock this company is to have the first opportunity of purchasing same."

The note was payable to the company, and, shortly after executed, was negotiated by the company to the Citizens Trust & Savings Bank. With it were delivered the certificate of stock and agreement. The note was renewed by executing another for like amount to the bank, and it, with accompanying papers, was thereafter transferred to plaintiff. In this suit, judgment was sought against both defendants, the establishment of a lien for the amount owed for the stock, an order for its sale, and the application of the proceeds on the judgment. The relief so asked was granted, and plaintiff's right thereto is not questioned.

The only complaint is of the court's ruling in dismissing the petition as to the Globe Manufacturing Company. There was no showing that plaintiff was misled to its disadvantage by the payment of interest on the note by the president of the company, or by his promises to take care of the note, or that there was any consideration for such promise; and this feature of the cause requires no further attention. The company's contentions are that the evidence does not show that the contract was assigned to either bank; that, as Workman ceased to be in its employment in November, 1916, and never elected to sell the stock to the company, he is deemed to have elected to retain the same, and to have waived the right to be paid back the amount the stock cost him; and that plaintiff, in seeking relief against Workman, elected to waive all claim against the Globe Manufacturing Company. The Globe Manufacturing Company undertook "to purchase back from him (Workman) his said one thousand dollars ($1,000) worth of stock, and pay him the same amount that the stock has cost him," in event of his being discharged; but Workman did not undertake to sell at that price or any other, nor at that time. Any implication to the contrary is obviated by the clauses following, giving the company the opportunity to purchase by paying the amount of a bona-fide offer of more than the amount paid by another, and granting the company at all times the first opportunity to buy. Plainly enough, the company binds itself to purchase, in event of the discharge or resignation of Workman; but whether the latter shall sell is left optional with him, and, until he shall elect to avail himself of the company's agreement to buy, he retains the stock, subject to the lien created by the contract. In so far as appears, Workman, though having ceased to work for the company, has not indicated any purpose of availing himself of its undertaking to purchase, and still retains the title, as stated. In

other words, the agreement, in so far as the sale of the stock is concerned, amounted to no more than an option to sell; and, until Workman elected to sell, the proposed purchase price did not mature, nor even assume the dignity of an indebtedness. Ordinarily, in such a situation, the stock must be tendered as a condition precedent to the recovery of the purchase price. *Hamilton v. Finnegan,* 117 Iowa 623; *Doughty v. Law,* 178 Iowa 840; *Olsen v. Northern Steamship Co.,* 70 Wash. 493 (127 Pac. 112); *New Haven Trust Co. v. Gaffney,* 73 Conn. 480 (47 Atl. 760); *Cabot v. Kent,* 20 R. I. 197 (37 Atl. 945); *Morris v. Veach & Co.,* 111 Ga. 435 (36 S. E. 753). But Workman did not have possession of the stock, and therefore could not tender it, as it had been hypothecated as security with the proposed purchaser, and by it transferred, with the evidence of the indebtedness; but this did not obviate the necessity of manifesting his election in some manner to part with title, according to conditions specified in the agreement, and accept the purchase price thereunder. An option does not ripen into a contract until accepted; and, until Workman had indicated his acceptance of the Globe Manufacturing Company's proposition to buy, he retained title to the certificate of stock, and the company did not become liable for the amount the stock cost him. The cause was rightly decided, and the judgment is—*Affirmed.*

WEAVER, C. J., GAYNOR and STEVENS, JJ., concur.