No. 10,550.

DOYLE *v.* MILES.

Decided November 5, 1923.

Action for specific performance. Judgment for defendant.

## *Reversed.*

1. VENDOR AND PURCHASER—*Defect in Deed—Waiver.* One who declines to execute a contract for the purchase of land on the ground that the deed tendered him is defective, waives the objection, if it is not made at the time the deed is tendered, if the objectionable matter is one which, upon attention being called to it, might be corrected.

2. PLEADING—*Waiver—Evidence—Amendment.* While waiver is a matter to be pleaded, if the evidence shows the fact of waiver, amendment should be allowed to make the pleading conform with the proof.

*Error to the District Court of Bent County, Hon. A. F. Hollenbeck, Judge.*

Messrs. SABIN, HASKINS & SABIN, for plaintiff in error.

Mr. GRANBY HILLYER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

DOYLE was plaintiff below and was defeated in a suit to enforce specific performance of a contract of purchase by Miles from him of certain land and water rights.

The contract acknowledged the receipt by Doyle of $500 and provided that Miles should pay the balance $12,500, "upon receipt of warranty deed with a clear abstract of title to said property free from all liens and incumbrances. Such deed and abstract of title to be furnished on or before July 1st, 1921. If such title is not furnished by July 1st, 1921, it is agreed that Claire J. Miles shall have all crops grown or growing on land covered by this contract and

shall be permitted to remove improvements and be released from all obligations."

On July 1st, Doyle tendered abstracts and a warranty deed which contained the clause, "1920 taxes are to be paid by second party." This clause is the only reason assigned in this court by Miles for his failure to keep his agreement. The attorneys for Doyle answer that no such objection was made to the deed when it was tendered, but only objections to the title and that objections of that sort must be made at once, to which the attorney for Miles replies that that rule applies only to objections to the form of the deed and not to substance, and that the existence of a lien for taxes is a substantial matter.

We agree that the matter is of substance, but think that the rule covers not only objections to the form of the deed tendered but to any matter which, upon attention being called to it, might be corrected; indeed we think that the possibility and likelihood of correction constitute the principal basis of the rule. 39 Cyc. 1528, 1549. *Ashbaugh v. Murphy*, 90 Ill. 182; *Schwartz v. Woodruff*, 132 Mich. 513, 93 N. W. 1067; *Moak v. Bryant*, 51 Miss. 560; *Gregg v. Von Phul*, 1 Wall. 274, 17 L. Ed. 536; *Clarkin v. Lewis*, 20 Cal. 634; *Baker v. Hall*, 158 Mass. 361, 33 N. E. 612; *McWhorter v. McMahan*, 10 Paige Ch. 386, 387.

In the present case upon a suggestion that the clause was not according to the contract, the plaintiff would doubtless have corrected the deed and paid the taxes if they were actually outstanding.

Defendant in error claims that the failure to object to the clause in question was in the nature of a waiver and so ought to have been pleaded as such by plaintiff. But if this be so (and we are inclined to think it is so) it ought not to avail defendant in error in this court, since his own evidence, indeed his own testimony, shows the fact of waiver, in that it fails to show any objection to the deed when it was tendered. The plaintiff should have had leave to amend in accordance with the proof. If it be suggested that he made no motion to that effect, the answer is that the record

does not show that any claim was made at the trial that the deed was bad, but the whole case seems to have been tried on the question of the sufficiency of the title, upon which defendant in error says nothing in this court.

We have considered the other objections of defendant, made in the court below as they appear in the brief of plaintiff in error, and do not regard them as sufficient to support the judgment. We do not discuss them, however, because they are not relied on here.

Judgment reversed and new trial granted. Such amendments of the pleadings to be allowed as the court may deem fit to bring out the real merits of the controversy.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.