CLARENCE REITZ, Appellee, v. E. J. BROUHARD, Appellant.

CONTRACTS: Construction—Contract to Purchase. A writing, duly dated, in which the seller of corporate stock agrees, in consideration of the sale, to repurchase the stock "four months from date," obligates the seller to repurchase *within a reasonable time after the expiration of said four months,* at the option of the buyer.

*Appeal from Story District Court.*—R. M. WRIGHT, Judge.

JUNE 24, 1924.

ACTION to recover the agreed price of corporation stock. The facts are stated in the opinion. From a judgment upon a verdict for plaintiff, the defendant appeals.—*Affirmed.*

*Fred E. Hansen,* for appellant.

*Bert B. Welty,* for appellee.

VERMILION, J.—The facts are not in serious dispute. The plaintiff and appellee, on October 13, 1919, purchased of the defendant, the appellant, 1,000 shares of stock of the American Oil & Refining Company, paying therefor in cash $1.50 per share, and defendant executed and delivered to plaintiff the following instrument:

"Oct. 13-19

"I hereby agree to purchase 1000 shares of American Oil & Ref. Co. stock from Clarence Reitz at 1.50 per share four months from date.

"E. J. Brouhard."

Some time in March, 1920, the plaintiff requested the defendant to take the stock, and the defendant then refused, on the ground, according to the testimony of the plaintiff, that the time at which he had agreed to repurchase it was past,—that it was ''too late.''

The petition set up substantially the foregoing facts, and pleaded a tender of the stock in court. Judgment was asked for $1,500. After the overruling of a demurrer to the petition, the defendant, by answer, admitted the making of a written offer to purchase the stock, and alleged that plaintiff did not accept the offer until long after it had, by its terms, expired. Upon a trial, there was a verdict and judgment for the amount claimed.

Many of the assignments of error present in various forms the question that plaintiff did not accept the alleged offer, or demand of defendant that he repurchase the stock, until after the expiration of four months from the date of the written agreement. This is the pivotal question in the case.

Both plaintiff and defendant testified, without objection, that the latter was to repurchase the stock if the plaintiff was dissatisfied with it; but this adds little, if anything, to the expressed meaning of the instrument.

It is the contention of the appellant that the writing is nothing more than an offer to buy the stock, and that an acceptance within the time fixed in the offer was necessary, to give it the force and effect of a contract. The instrument on its face, and according to the understanding of the parties, was an option, given in consideration of his original purchase of the stock, to the plaintiff, to resell it to the defendant. *Security Sav. Bank v. Workman*, 188 Iowa 576. The plaintiff was not obligated to sell, and the defendant could not have enforced a sale of the stock to him. The defendant was only obligated to repurchase the stock according to the terms of his agreement, and the plaintiff could only exercise his option to sell according to its terms. But if he did exercise his option by demanding that defendant repurchase the stock, and by making tender of it, if that was required, at a time when he had a right to do so, the defendant's obligation to buy, as expressed in the instrument, became binding and enforcible. *Doughty v. Law*, 178 Iowa 840; *Security Sav. Bank v. Workman*, supra.

Passing, for the present, any question as to the sufficiency of what plaintiff did in that respect, except as affected by the fact that it was after the expiration of the four-months period, the question narrows itself to this: Was the plaintiff required to exercise the option to sell his stock within four months from the date of the instrument, or at the expiration of that period? Or, to put it in another way, did defendant agree to purchase the stock at any time within four months, or only at the expiration of four months?

If the instrument is to be construed as an agreement to purchase the stock only at any time within the four months following its date, then it is, we think, plain that plaintiff, having failed to in any manner indicate to defendant within that time his purpose to exercise his option, was not entitled to recover.

If, on the other hand, it should be construed as requiring the defendant to purchase the stock, at plaintiff's option, only at the expiration of four months from its date, the question is presented whether plaintiff's acceptance, or the exercise of his right, after the expiration of that period, will entitle him to maintain his action.

The language of the instrument is: "I agree to purchase * * * four months from date." This was not an agreement to purchase within four months, or before the expiration of four months. No breach, or failure of defendant to comply with his contract, could occur before the time when he had agreed to act. What would have been the effect of a demand made before the expiration of four months, we have no occasion to consider; but any action brought before that date would, manifestly, have been premature, because, until the expiration of that time, it could not have been found that there was a breach. *Grant v. Ledwidge,* 109 Ark. 297 (160 S. W. 200).

Was the demand or notice of the exercise of the option on the part of the plaintiff after the expiration of the four months sufficient to sustain his claim?

There is some conflict in the cases upon the subject. It has been held that the demand must be made on the day stipulated in the option, or at the expiration of the time stipulated,—that is, on the next business day. In *Page v. Shainwald,* 169 N. Y. 246 (62 N. E. 356, 57 L. R. A. 173), the contract was to re-

purchase stock sold, "if requested so to do * * * on the 1st day of January, 1897." It was held that a tender of the stock and demand for its repurchase made on January 3d, the 2d being Sunday, was too late; that it should have been made on the 1st.

In *Tilton v. Sterling Coal Co.*, 28 Utah 173 (77 Pac. 758), there was an option to purchase at the expiration of a lease; and it was held that the option must be· exercised on the day the lease terminated, and not thereafter. See, also, *Lester v. Jewett*, 11 N. Y. 453.

In *Union Collection Co. v. Oliver*, 23 Cal. App. 318 (137 Pac. 1082), where the agreement was to refund all moneys paid for certain stock "in twelve months from date," in the event the purchaser was not satisfied with the investment, and notice was given before the expiration of an extension of the time of the agreement, it was held that the plaintiff had a right to make demand for the fulfillment of the contract at any time during its life, and the defendant had until the expiration of the period, or any extension of it, in which to comply.

'In *Herberger v. Husman*, 90 Cal. 583 (27 Pac. 428), the agreement was to return the purchase price at the end of one year, if the purchaser of lots should be dissatisfied, provided 30 days' notice was given. It was held that a notice more than 30 days before the expiration of the year was not premature, but that the defendant was not required to return, before the end of the year, the money paid him.

In *Scott v. Goodin*, 21 Cal. App. 178 (131 Pac. 76), there was an agreement to repurchase certain stock "on or before twelve months from this date;" no demand was made until more than five months after the expiration of the twelve months; and it was held that, the plaintiff not having exercised his optional right within the time limited, no cause of action arose.

Some of these cases, it will be observed, are not directly in point, either because of a difference in the language of the option or a difference in the facts.

On the other hand, it has been frequently held that, where a contract of option provides for a repurchase at the expiration of a stated time, the one entitled to exercise the option has a reasonable time after the expiration of the period in which to do so.

In *Maier v. Rebstock*, 92 App. Div. 587 (87 N. Y. Supp. 85),

the plaintiff bought land under an agreement that, if he could not sell it at an advance "at the end of three years," the defendant would take it back and refund the purchase money; and it was held that he had a reasonable time after the expiration of the three years in which to exercise his option.

In *Rogers v. Burr*, 97 Ga. 10 (25 S. E. 339), where the agreement provided that, if the purchaser of corporation stock, "at the expiration of * * * three years," desired not to keep it, the sellers would pay him par for it, it was said that he had a reasonable time after the three years in which to make his election.

In *La Dow v. Bement & Sons*, 119 Mich. 685 (79 N. W. 1048), the contract for the sale of stock was "to repurchase from you, if you so desire, at the end of two years from May 1, 1895;" and it was held that a declaration pleading an offer on May 26, 1897, of the stock, and requesting the repurchase, was good, and that the plaintiff was entitled to a reasonable time after the expiration of the period in which to act. It was said:

"Clearly, plaintiff could not exercise the option until the complete expiration of the two years. He might possibly have given notice before the expiration of the two years that he should demand the repurchase after the time had expired. That question, however, is not before us. The contract did not require him to take any action until the expiration of the time. How much time, then, after the expiration? Shall the court say that it was limited to the first business day after the expiration of the time? But the contract does not say this. This would establish an arbitrary rule, for which no authority is cited."

In *Davis v. Godart*, 131 Minn. 221 (154 N. W. 1091), where the contract provided that, if the purchaser desired to relinquish land purchased at the end of one year from the date of the contract, the amount paid would be returned to him, it was held that the word "at" meant "after," and that the purchaser had a reasonable time after the expiration of the year, to demand the return of his money.

In *McDougall v. O'Connell*, 72 Wash. 349 (130 Pac. 362, 131 Pac. 204), a contract for the purchase of mining claims provided that if, at the end of three years, the purchaser should be dissatisfied, the vendor would return the purchase money; and

it was held that notice of the purchaser's dissatisfaction must be given within a reasonable time after the expiration of the three years.

We reach the conclusion that, under the contract, and according to the decided weight of authority, the plaintiff was entitled to a reasonable time after the expiration of four months from its date within which to exercise the option to resell the stock to defendant.

The question was not raised in the court below, nor presented here, that what plaintiff did in the way of notifying defendant of his exercise of the option was not done within a reasonable time after the expiration of the four months. The defendant's contention is that the option must have been exercised before the expiration of that period.

Some question is made in argument as to the sufficiency of what the plaintiff did, to amount to an exercise of his option, and of the necessity of a tender of the stock. We think there was a sufficient demand and tender, under the authority of *Doughty v. Law,* supra. A tender of the stock and all dividends received on it was made in court. Moreover, the evidence showed that defendant, when approached on the subject, refused to repurchase the stock because, as he claimed, the time when he was required to do so was past. Under such circumstances, no tender was required.

Error is assigned on the admission of testimony of the plaintiff as to his efforts to find the defendant before the expiration of the four months after the date of the option. In the view we take of the contract, this testimony was not material; but its admission could not have been prejudicial.

Certain of the instructions are criticized because they fail to distinguish between an option and a contract, or a ''naked option'' and an option upon a consideration. The instructions required the jury to find that the option was given in consideration of the original purchase of the stock by plaintiff, and that plaintiff had demanded its performance and offered to return the stock. While the instructions might well have covered the case more fully, there is no error in the respects alleged.

As we have said, the vital question in the case, and the one upon which the defense was based, is the right of plaintiff to

exercise his option after the expiration of four months from the date of the agreement. We hold that he had the right so to do within a reasonable time thereafter; and with the law so settled, no prejudicial error appears, and the judgment must be and is— *Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.