**J. SEAVER PAGE, Respondent, *v.* RALPH L. SHAINWALD, Appellant.**

1. CONTRACT — TENDER OF STOCK UNDER OPTION TERMINATING ON HOLIDAY OTHER THAN SUNDAY. The fact that the day upon which an option requiring another to purchase certain stock must be exercised falls upon a holiday other than Sunday, does not extend the time for tendering the stock and demanding payment until the succeeding business day, and unless the tender and demand are made on the day specified, the option expires, for the reason that such a transaction does not come within the exceptions contained in the Holiday Acts (L. 1887, ch. 289; L. 1897, ch.

14, § 1), and except as prohibited therein all business may be transacted upon holidays other than Sundays the same as on any other day.

2. WHEN EXPIRED OPTION ENFORCEABLE ONLY UNDER NEW AGREE-MENT. When such option has expired by the failure to make a tender of the stock and a demand for its payment on the day specified, it cannot be enforced in the absence of evidence of an agreement reviving it or making a new contract with reference thereto.

*Page* v. *Shainwald,* 52 App. Div. 349, reversed.    ‚

(Argued December 11, 1901; decided December 31, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 25, 1900, upon an order which reversed an order of the trial court setting aside a verdict in favor of plaintiff and granting a new trial and directed judgment for plaintiff upon such verdict.

Prior to September 3, 1895, the defendant, an officer of the Hoffman Machine Company, tried to persuade the plaintiff to purchase stock in that company, but his efforts proving unsuccessful he finally said to plaintiff: "Page, I want you to be in that company. I know it is a good thing. I am so anxious to have you that I will guarantee you against loss if you will take stock in that company and subscribe. I will do further, in fact. I will give you a bonus of my own shares in addition." On these conditions plaintiff consented to purchase stock of the par value of $5,000, whereupon defendant delivered to him this writing, which was in accord with their oral agreement:

"NEW YORK, *Sept. 3d,* 1895.

"J. SEAVER PAGE, Esq., City:

"MY DEAR MR. PAGE.— In consideration of your having subscribed $5,000 to the proposed Hoffman Machine Co., I hereby agree, if requested so to do by you, on the first day of January, 1897, within ten days thereafter, to pay to you the amount paid by you upon such subscription, upon condition of your assigning and transferring to me all the shares of stock and rights and privileges you have received or are entitled to receive by virtue of said subscription, and also the stock of

such company, viz., ($1,000 par value) which I have agreed
to deliver to you out of my own personal holdings when
issued.

"Very truly yours,

"RALPH L. SHAINWALD."

On November 5, 1896, this agreement was extended to the
first day of January, 1898, so that thereafter the agreement
between the parties was that the defendant agreed, if requested
by the plaintiff on the first day of January, 1898, to pay the
amount provided for in the original agreement.

The plaintiff did not tender the stock to defendant and
make a demand of him on the first day of January, 1898, nor
did he until the third day of January, and one of his claims
upon the trial and upon this review is that New Year's day
being a holiday it was not necessary for him to make the
demand on that day, and that in the year 1898 the succeeding
day was Sunday, and, hence, his demand on the third was in
time.

On the third day of January plaintiff called upon the
defendant at his office and tendered to him the stock which
he held under the agreement, and at the same time handed to
him a letter which read as follows :

"NEW YORK, *January* 3, 1898.

"RALPH L. SHAINWALD, Esq. :

"DEAR SIR.— In accordance with your agreement with me,
as set forth in your letters to me bearing date respectively
September 3d, 1895, and November 5th, 1896, I do hereby
tender you an assignment and transfer to you of all the shares
of stock, rights and privileges which I have received or which
I would be entitled to receive by virtue of my subscription to
the stock of the Hoffman Machine Company, together with
one thousand dollars par value of stock of the Hoffman
Machine Company which you delivered to me out of your
personal holdings, and I hereby respectfully demand the
return and payment to me of the sum which I have sub-
scribed and paid for all of such stock, namely, the sum of five

thousand dollars, and this tender and demand is made as of the présent date and as of the first day of January, 1898, as provided for in our contract.

"Very respectfully,
"J. SEAVER PAGE."

The defendant read the letter and then said : "Page, now I intend to do what is fair and just in this matter and you must give me a little time to consider it." The next day the defendant wrote to plaintiff a letter reading as follows:

"NEW YORK, *Jan. 4th,* 1898.
"J. SEAVER PAGE, Esq., City :

"DEAR SIR.—I return herewith the shares you left in my office yesterday, since I do not wish to be the custodian of property belonging to you.

"Yours very truly,
"RALPH L. SHAINWALD."

To this letter the plaintiff made the following reply :

"101 FULTON STREET, *Jan.* 5, '98.
"MY DEAR MR. SHAINWALD.—I have received your favor returning me the stock of the Hoffman Machine Co. I am sorry you have taken this position, as I do not think it is a tenable one. I should very much prefer to come to some amicable decision with you before I am compelled to proceed further.

"Yours truly,
"J. SEAVER PAGE."

Sometime during that month the defendant called upon the plaintiff and in a conversation with him offered to give him his note for $2,500, an offer prompted, as the defendant says, by his belief at the time that the stock investment was still good for fifty cents on a dollar.

*John S. Davenport* and *Felix Jellenck* for appellant. There was no evidence of anything amounting to a waiver, and it was error to admit or consider it. (*Armstrong* v. *A.*

*Ins. Co.,* 130 N. Y. 560.) Taking time to consider action upon a belated offer, before accepting, is not a waiver of its lateness. (*Friess* v. *Rider,* 24 N. Y. 367; *Titus* v. *G. F. Ins. Co.,* 81 N. Y. 410; *Armstrong* v. *A. Ins. Co.,* 130 N. Y. 560; *Devens* v. *M. & T. Ins. Co.,* 83 N. Y. 168; *Trippe* v. *P. F. Co.,* 140 N. Y. 23; *Benninghoff* v. *A. Ins. Co.,* 93 N. Y. 495; *Kelly* v. *Upton,* 5 Duer, 336; *Gould* v. *Banks,* 8 Wend. 562.) The fact that January first was a holiday did not extend plaintiff's option beyond that day. (*Walton* v. *Stafford,* 162 N. Y. 558; *T. R. Mfg. Co.* v. *N. H. St. Co.,* 50 N. Y. 121; *Richardson* v. *Goddard,* 23 How. [U. S.] 28; *B. O. R. Co.* v. *Brown,* 38 How. Pr. 444; *Duffy* v. *Donovan,* 46 N. Y. 223; *Friess* v. *Rider,* 24 N. Y. 367; *Rutty* v. *C. F. J. Co.,* 52 Hun, 492; *Pope* v. *T. H. C. Mfg. Co.,* 107 N. Y. 61; *Britton* v. *Phillips,* 24 How. Pr. 111; *Wheeler* v. *C. M. Ins. Co.,* 82 N. Y. 543.) It was error to admit evidence of a demand later than January first. (*Kelly* v. *Upton,* 5 Duer, 336; *Ullman* v. *Jacobs,* 86 Hun, 186.) Plaintiff's evidence disproved all consideration for the second option. (*Riley* v. *Riley,* 83 Hun, 398.)

*James W. Gerard* and *John M. Bowers* for respondent. Even if the tender of the stock and the demand made on January 3, 1898, were not a strict performance according to the contract, the defendant has waived his right to object to such tender and demand. (*Trippe* v. *P. F. Society,* 140 N. Y. 123; *Brink* v. *H. F. Ins. Co.,* 80 N. Y. 108; *Kiernan* v. *D. C. M. Ins. Co.,* 150 N. Y. 194; *Titus* v. *G. F. Ins. Co.,* 81 N. Y. 419; *Webb* v. *Hughes,* L. R. [10 Eq. Cas.], 281.) The tender of the stock by the plaintiff and his demand from the defendant of the $5,000 paid on the 3d day of January, 1898, was valid and was sufficient to bind the defendant. (L. 1892, ch. 677, § 27; *Lucia* v. *Omel,* 61 N. Y. Supp. 659; *Spaulding* v. *Burnhardt,* 7 L. R. A. 425; *Richardson* v. *Goddard,* 23 How. [U. S.] 43; *Disney* v. *Furness,* 79 Fed. Rep. 814; *Salter* v. *Burt,* 20 Wend. 205; *Avery* v. *Stewart,* 2 Conn. 69; *Sands* v. *Lyon,*

18 Conn. 18 ; *Duchemin* v. *Kendall*, ·3 L. R. A. 784 ; *Walton* v. *Stafford*, 162 N. Y. 558.) The evidence as to the tender and demand on the 3d day of January, 1898, and the action of the defendant relative to the contract on and after the said date was properly admitted, and could properly be taken into consideration by the court in reaching its decision in this case. (*Place* v. *Minster*, 65 N. Y. 102 ; *Lyons* v. *Miller*, 10 Misc. Rep. 653 ; *R. C. Mfg. Co.* v. *N. Y. B. N. Co.*, 98 N. Y. 463 ; *Catlin* v. *Gunter*, 11 N. Y. 368 ; *Lefler* v. *Sherwood*, 21 Hun, 573 ; *Bergmann* v. *Jones*, 94 N. Y. 58 ; *Quinby* v. *Strauss*, 90 N. Y. 664 ; *Height* v. *People*, 50 N. Y. 394 ; *Marston* v. *Gould*, 69 N. Y. 228 ; *Ward* v. *Kilpatrick*, 85 N. Y. 416.) The agreement by which the defendant gave to the plaintiff an extension of his time to make a tender of his stock and a demand for repayment of the $5,000 to January 1, 1898, was valid and binding upon the defendant. (*Clark* v. *Dales*, 20 Barb. 64 ; *Burt* v. *Saxton*, 1 Hun, 553 ; *Grange* v. *Palmer*, 10 N. Y. Supp. 201 ; *Schmidt* v. *Cowperthwait*, 66 How. Pr. 480 ; *Routledge* v. *Worthington Co.*, 119 N. Y. 597.) The facts as found by the Appellate Division are not reviewable by this court. (*Adams* v. *R. L. Co.*, 159 N. Y. 180.)

PARKER, Ch. J. The legal effect of the agreement between the plaintiff and the defendant was to require the defendant, if requested so to do by the plaintiff on the first day of January, 1898, to take plaintiff's stock in the Hoffman Machine Co. at the price named therein. The plaintiff failed to tender his stock and make the request on the day named, but did so on the third of January. As the first day of January was a holiday and the second came on Sunday, the plaintiff insists that his tender and request were in time. But the difficulty with his contention is that legal holidays have not been placed on the same basis as Sunday by the statute. Indeed, in only two respects has the legislature attempted to interfere with the ordinary course of business whether public or private on a holiday other than Sunday. The first act provides that a

negotiable instrument maturing on a holiday is payable on the next succeeding business day (Laws 1887, chapter 289), and the second that holidays shall be considered as Sunday for all purposes whatsoever, as regards the transaction of business in the public offices of the state or of the counties of the state. (Laws 1897, chapter 614, section 1.) If the legislature had omitted the limitation of the preceding statute to the transaction of business in the public offices of the state or counties of the state, thus providing that holidays should be considered as Sunday for all purposes whatsoever, the plaintiff's contention would be well founded. But in the present state of the statutes, we are of the opinion that upon holidays other than Sunday, all transactions may be carried on as on any other day, with the exceptions above noted. And so we said in effect in *Walton* v. *Stafford* (162 N. Y. 558). It is undoubtedly true that the state of the law on this subject is likely to prove embarrassing to many, such for instance as those who find themselves obliged to tender a considerable sum of money on a day which is just enough of a holiday to allow the banks to close, from which he must obtain the money to make a tender, but not enough of a holiday to avoid the necessity of a tender if he would not breach his contract. But such faults, if faults they be, in our business law can be corrected only by the legislature.

The plaintiff's further contention is that he is entitled to recover because the defendant waived his right to object that such tender and demand was not made on the proper day and in that respect the Appellate Division seems to have agreed with him. We are unable to concur in that view. The plaintiff's right to require the defendant to take and pay for his stock was lost when he allowed January first, 1898, to pass by without tendering to him that stock and demanding the payment of the agreed price. Thereafter the contract was at an end and the situation was precisely the same as if there had never been one. Either party had a right, of course, to undertake negotiations to revive the old contract or make a new one, but such a purpose could only be accomplished by a meet-

ing of minds in agreement as to what the new contract should be, whether on the basis of the old or on entirely different lines. Now, the parties did not come to any agreement and about this fact they do not differ. Two days after the contract had ceased to have life the plaintiff made a demand in writing and tendered the stock, but the defendant replied : " You must give me a little time to consider it," and the next day he returned the stock as was his legal right. A little later the defendant offered to give the plaintiff his note for $2,500, as he explained, on the condition that the plaintiff would take the risk as to the rest of his investment, which he thought the stock might prove to be worth. The plaintiff did not accept this offer, and so their conferences ended without the making of a different agreement from the old or the renewing of its life, and in such case the plaintiff must fail to recover, because he has no contract to enforce.

The doctrine of waiver, often applied in cases of forfeiture, has no place in this discussion, for there was nothing to forfeit January third when the plaintiff tendered the stock. The contract upon which he was apparently relying was dead, and had been for two days, and whether he realized it or not the plaintiff was in fact a suitor for the enjoyment of a second option. The defendant refused to accord it to him and there the matter must end, so far as the courts are concerned, for it was the defendant's legal right to refuse.

The judgment of the Appellate Division should be reversed, and the order of the trial court affirmed, with costs to abide the event.

GRAY, O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment accordingly.