(88 Misc. Rep. 5)

WAX v. WOODBURY G. LANGDON CO., Inc., et al.

(Supreme Court, Appellate Term, First Department.   December 4, 1914.)

1. DISMISSAL AND NONSUIT (§ 48*)—INVOLUNTARY DISMISSAL.

In an action for personal injury against the owner of premises and his tenant, plaintiff's employer, the dismissal as to the tenant before plaintiff's case was concluded was erroneous, since there was nothing to indicate whether or to what extent the tenant had right in or control over the halls and stairways involved, so that his obligation to maintain safe access and egress was still open.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 96; Dec. Dig. § 48.*]

2. LANDLORD AND TENANT (§ 169*)—ACTION FOR INJURY—QUESTION FOR JURY.

In an action by an employé of the tenant against the landlord for personal injury from falling from a dark stairway which had no banister, where plaintiff testified that she did not see how to step and there was nothing to keep her hand, her contributory negligence was for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. § 169.*]

3. LANDLORD AND TENANT (§ 165*)—STAIRS—LANDLORD'S LIABILITY—STATUTE.

Labor Law (Consol. Laws, c. 31) § 79c, requires handrails on the stairs of "tenant factories," and section 94 makes the owner responsible for any failure to observe sections 79 and 80; the latter being the former provision as to handrails, as to which, by oversight, section 94 had not been changed to correspond. *Held*, that the statute, being remedial, should be construed to effect its purpose; that, it being evident that the provisions as to handrails were transferred to section 79c, the liability of the owner under section 94 referred to his duty thereunder.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630, 631, 633–637, 640, 641; Dec. Dig. § 165.*]

4. LANDLORD AND TENANT (§ 165*)—LIGHTS—STATUTE—ON EVERY WORKDAY.

Under Labor Law (Consol. Laws, c. 31) § 81, subd. 3, requiring the halls of tenant factories to be lighted "on every workday," from the time the building is open in the morning until closed in the evening, the landlord of a building open and used by plaintiff, an employé of his tenant, on January 1st, a statutory holiday, was liable to plaintiff for injury resulting from his failure to light the hall.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630, 631, 633–637, 640, 641; Dec. Dig. § 165.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Annie Wax against the Woodbury G. Langdon Company, Incorporated, and Benjamin Shrage.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Lester W. Eisenberg, of New York City, for appellant.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, of counsel), for respondent Woodbury G. Langdon Co., Inc.

George W. Hurlbut, of New York City (J. L. Coe, of counsel), for respondent Shrage.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J. Plaintiff sued to recover damages for personal injuries. Defendant corporation is the owner of a building. Defendant Shrage is a tenant, who conducts a factory on the third floor of the building, and is the employer of the plaintiff. On January 1, 1914, defendant Shrage's shop was in operation, and plaintiff came to work in the morning at 8 o'clock. The elevator (the usual means of access) was not running, so she used the stairs. At the close of work, 6 o'clock in the evening, she descended the stairs. The last flight, leading to the ground floor, was very dark, and there was no banister. Plaintiff testifies: "I didn't see how to step, and I fell down. There wasn't anything to keep my hand." Plaintiff served the notice required by the Employers' Liability Act.

[1] At the trial, before plaintiff's case was concluded, at the suggestion of the learned judge below, counsel for defendant Shrage moved to dismiss the complaint as to him, which motion was granted. It is quite evident that such action was erroneous, as in that stage of the case plaintiff had not completed her proof, and there was nothing to indicate whether or to what extent defendant Shrage had right in or control over the halls and stairway affected, so that the question of his obligation to maintain reasonably safe access and egress (see Dorney v. O'Neill, 49 App. Div. 8, 10, 63 N. Y. Supp. 107) was still open. At the close of the entire case the defendant corporation's motion to dismiss was granted. Its answer admits that it is the owner of the premises and that the various floors were let to tenants, including the defendant Shrage.

[2, 3] Under the circumstances, it seems to me that, on the record, as matter of law, the defendant corporation was liable both for failure to light the stairs and for failure to safeguard them with a balustrade, and that the case should have been submitted to the jury to determine the question of plaintiff's contributory negligence.

The respondent corporation seeks to justify the dismissal by its interpretation of the provisions of the present Labor Law. Section 79c requires handrails on the stairs of "tenant factories." Section 94 makes the owner of the building responsible for any failure to observe sections 79 and 80. The provision for handrails under the Labor Law of 1910 (Laws 1910, c. 461) was contained in section 80. Section 94 has remained practically unchanged. Respondent contends that by reason of the change in the section numbers the owner is no longer liable for failure to maintain a handrail. The statute, however, is remedial, and should receive a construction tending to effectuate its purpose. It is quite evident that, when the provisions as to handrails in old section 80 were transferred to the new section 79c, section 94 was, by an oversight, not amended in detail to correspond; but, under the circumstances, I think that the provisions of section 94, making the owner liable for the observance of the requirements of section 79, must be held to refer as well to section 79c.

[4] But, whatever doubt may be entertained as to this conclusion, I have none as to the owner's responsibility for failure to light the hall. Indeed, the defendant admits that this requirement, contained in subdivision 3 of section 81 of the present act, would ordinarily be binding

on it, but claims that no responsibility attaches in the present case, because the section requires the hall to be lighted only *"on every workday in the year from the time when the building is open for use in the morning until the time it is closed in the evening."* The record shows that the building was open for use. In Page v. Schainwald, 169 N. Y. 246, 62 N. E. 356, 57 L. R. A. 173 (1901), it was held that statutory holidays do not stand on the same basis as Sunday so far as the doing of work thereon is concerned. It was there decided that a tender of stock, which a contract provided should be made on the 1st of January, must be so made, regardless of its being a holiday; the court pointing out that the 1st of January was to be treated like any other day, except in so far as the statutes had otherwise provided, and that the sole provisions in that respect were those relating to negotiable paper (Laws 1887, c. 289), and to the closing of public offices (Laws 1897, c. 614, § 1). The former has now become General Construction Law (Consol. Laws, c. 22) § 24, and Negotiable Instruments Law (Consol. Laws, c. 38) § 5, and the latter General Construction Law, § 24, and Public Officers Law (Consol. Laws, c. 47) § 62. The only additional enactment relating to public holidays (except some trifling change not germane to the present case) is the addition of section 25, General Construction Law (the re-enactment of Laws 1902, c. 39), designed to meet the difficulty pointed out in the Page Case, namely, the payment of money or the performance of a condition on a public holiday.

As there is, therefore, nothing in the language of the act under consideration to exclude the notion of the owner's liability on January 1st, when the building was open, and as it would be contrary to the spirit of the act to assume that it intended to relieve the owner of responsibility on a day when it was perfectly lawful to work, I cannot agree with the respondent's contentions in this respect.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.