(90 Misc. Rep. 322)

### VAN ORDEN v. SIMPSON.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. BROKERS ⬡═63—RIGHT TO COMPENSATION—FAILURE OF NEGOTIATIONS.

Where a broker employed to secure a loan procured a lender able and willing to make the loan, the physical production of the lender was not necessary to entitle the broker to commissions, the loan not having been made because defendant was not in his office at the time fixed for closing the loan, and afterwards refused to make the loan.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94-96; Dec. Dig. ⬡═63.]

2. HOLIDAYS ⬡═2—"HALF HOLIDAY"—BROKERS—RIGHT TO COMPENSATION.

Under General Construction Law (Consol. Laws, c. 22) § 25, providing that where a contract requires the payment of money or the performance of a condition on a public holiday, such payment "may" be made or condition performed on the next business day succeeding such holiday, section 24, defining a "half holiday" as including the period from noon to midnight of each Saturday, which is not a holiday, and section 20, providing that Sunday or a public holiday other than a half holiday must be excluded if it is the last day of any period within which an act is to be done, Negotiable Instruments Law (Consol. Laws, c. 38) § 5, providing that where the day for doing any act falls on a holiday, it may be done on the next succeeding business day, section 145, providing that negotiable instruments falling due on Saturday are to be presented for payment on the next succeeding business day, except that instruments payable on demand may, at the holder's option, be presented before noon on Saturday, and section 243, providing that when Saturday is not otherwise a holiday, presentment may be made before noon on that day, when Saturday is not otherwise a holiday, an act not within Negotiable Instruments Law, required by a contract, may be done during Saturday afternoon, and where a broker employed to secure a loan procured a lender able and willing to make the loan, and it was agreed to close the loan on Saturday without any hour being named, and the broker went to defendant's office after 12 o'clock on Saturday and found that defendant had left for the day, and defendant subsequently refused to make the loan,

⬡═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the broker was entitled to his commission, as he had the whole of Saturday within which to close the loan.

[Ed. Note.—For other cases, see Holidays, Dec. Dig. &#9758;2.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Edward Van Orden against Henry W. Simpson. From a judgment for defendant entered after a trial by the court, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Joseph M. Williams, of New York City, for appellant.

Henry W. Simpson, of New York City, pro se.

PENDLETON, J. The action is for broker's commission in obtaining a loan. The defense is a denial. At the trial plaintiff testified to the employment, and any question as to plaintiff's having been employed to secure a loan is, I think, settled by defendant's letter of January 4th, which distinctly speaks of a loan. The substantial question involved is whether the commission was earned. It fairly appears from the evidence that plaintiff procured a lender able and willing to make the loan and so notified the defendant, and by agreement the closing was fixed· for Saturday, no hour being named; that plaintiff called at defendant's office a little after 12 o'clock on Saturday, and found that defendant had gone for the day; that he thereupon sent defendant a letter to his residence, appointing Monday at 1 p. m. as the time to close; that on Monday just before 1 o'clock he received a letter dated that day from defendant, saying he had waited on Saturday until 11:40 a. m., and then made other arrangements about the loan; that when plaintiff called on Saturday at defendant's office he did not have the money with him, but the lender was waiting for the papers to be signed by defendant, and if defendant had not gone away, but had been there, the money was ready; but the plaintiff at no time actually brought the lender into defendant's presence.

[1, 2] The physical production of a lender is not necessary if, as matter of fact, there is a lender able and willing to loan. The question is thus presented whether, no hour being fixed, plaintiff had the whole of Saturday, or only up to 12 o'clock to close; Saturday being what is known as a half holiday. In Page v. Shainwald, 169 N. Y. 246, 62 N. E. 356, 57 L. R. A. 173, it was held that an option to be exercised on a legal holiday must be exercised on that day, and a tender, to be effectual, must be then made, the court holding that, except for the purposes expressly specified in the statute legal holidays, unlike Sundays, are just as other days.

Subsequent to the above case of Page v. Shainwald, 169 N. Y. 246, 62 N. E. 356, 57 L. R. A. 173, decided in 1901, the Legislature passed Laws 1902, c. 39, from which the General Construction Law, § 25, is derived. That provides that the payment of money or the performance of a condition required on a public holiday may be made on the next business day. It does not provide that it cannot be done on the public

holiday, but only *may* be made on the next day. Saturday half holidays are covered, first, by General Construction Law, § 24, which defines half holiday as "from noon to midnight of each Saturday which is not a holiday." Under General Construction Law, § 20, a half holiday is not excluded from the days counted in computing the number of days. Similarly, in Negotiable Instruments Law, § 5, as to the last day falling on a holiday, half holiday is not mentioned. Negotiable Instruments Law, § 145, specially provides that instruments falling due on Saturday are to be presented for payment on the next succeeding business day, except that instruments payable on demand may, at the option of the holder, be presented before noon on Saturday half holidays. The Negotiable Instruments Law, § 243, provides that when Saturday is not otherwise a holiday presentment for *acceptance* may be made before noon.

It seems, therefore, that when Saturday is not otherwise a holiday, the day after the noon hour is in practically the same condition as holidays were at the time that Page v. Shainwald was decided, and that consequently, not only may any act not within the Negotiable Instruments Law be legally done when required by a contract during Saturday afternoon, but in order to comply with the contract calling for the doing of an act on Saturday, it must be done on that day, and may be done during the afternoon. Plaintiff had therefore the whole day within which to close, and, having been prevented from so doing solely by defendant's absence, is entitled to recover.

Judgment reversed, and judgment directed for plaintiff for $150, with costs and appropriate costs in the court below. All concur.