JOSEPH DAUBER and JOSEPH GOTTFRIED, Respondents, *v.* ISSER REZNIK and MAURICE SINGER, Appellants.

First Department, April 7, 1922.

Contracts — agreement for purchase of stock — provision for return of stock and refund of purchase price within certain period — right lost by failure to make tender within said period — no waiver by failure to state ground for refusal of tender.

The right to tender back stock, under a provision in the contract that twelve months from date the stock might be exchanged for the purchase price plus interest, is lost, where tender is not made until after the expiration of said period, for the contract had then ceased to exist.

Where the alleged tender after the expiration of the contract, was a mere attempt to open negotiations for a new contract, there was no waiver by reason of the failure of the seller to state as a ground of his refusal that the tender was not timely.

APPEAL by the defendants, Isser Reznik and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 14th day of February, 1921, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's

office on the 8th day of February, 1921, denying defendants' motion for a new trial made upon the minutes.

*Goldstein & Goldstein* [*David Goldstein* of counsel; *Joseph Force Crater* with him on the brief], for the appellant Isser Reznik.

*Samuel R. Wachtell*, for the appellant Maurice Singer.

*Ginsburg & Picker* [*Samuel I. Frankenstein* of counsel], for the respondents.

PAGE, J.:

The plaintiffs and defendants entered into the following agreement:

" NEW YORK, *September* 11, 1919.

" We, the undersigned, do hereby agree with Messrs. Dauber and Gottfried, to deliver five thousand shares of the Alliance Oil and Refining Company, at five dollars per share, said shares to be taken up in quantities as desired up to the first day of December, in the year 1919. It is understood that said shares will be kept in escrow twelve months after the date of issue, and it is further agreed, that in the event Messrs. Dauber and Gottfried desire to exchange the purchased stock twelve months from date, for the money paid for same plus six per cent int., we, the undersigned, will return the money providing we receive one month's notice.

" ISSER REZNIK
" MAURICE SINGER."

Pursuant to this agreement, a certificate of stock in said company for 1,000 shares was issued to Dauber & Gottfried on September 12, 1919, for which plaintiffs paid $5,000, and on December 1, 1919, paid $20,000 for 4,000 shares of said stock, a certificate for which was issued to the plaintiffs on December 12, 1919. Letters of exactly similar contents were sent to each of the defendants under date of July 29, 1920, and received by the defendants on July 30, 1920, as follows:

" Please take notice that pursuant to the terms of the contract dated September 11, 1919, entered into between yourselves and our clients, Messrs. Dauber & Gottfried, wherein you agreed to refund the money paid by them on certain shares of stock of the Alliance Oil & Refining Co. with six per cent interest, provided one month's notice is given to you thereof, PLEASE BE ADVISED, that our clients, Messrs. Dauber & Gottfried, do elect that you pay them the moneys paid by them on Alliance Oil & Refining Co. stock, amounting to the sum of Twenty-five thousand ($25,000) dollars, with interest at six per cent per annum, up to September 11, 1920.

" Please take further notice, that on September 11, 1920, we

will tender to you at #77 Eldridge Street, New York City, the stock of the Alliance Oil & Refining Co., and will expect certified check for the sum of Twenty-five Thousand ($25,000) dollars with interest.

" Kindly acknowledge receipt of this notice, and oblige."

One of the plaintiffs' attorneys then testified that on Sunday, September 12, 1920, he went to 77 Eldridge street (the place of business of the defendant Reznik) and took with him the two certificates of stock and inquired for Reznik, and was informed that he would not be there until after the Jewish New Year; that he went again on September 15, 1920, the day after the Jewish New Year and met Reznik on the street, and said: " Mr. Reznik, I have here the certificate. Mr. Gottfried sent me over I shall give you the certificates and you should give me the money," and Reznik replied: " I haven't got the money, I can't give you the money." The attorney then said: " If you promise to give the money I will bring over Mr. Gottfried, and you can arrange with him to give me the money which way you want," to which Reznik responded: " I haven't got any money, and the certificates are good." Plaintiffs then rested and defendants' counsel moved to dismiss on several grounds:

1. That the certificates did not bear any indorsement;

2. That they did not contain tax stamp, revenue and State;

3. That the tender was not made within the time prescribed by the contract.

The first two of the grounds may be disregarded, as those objections were not made at the time of the tender, and if they had been made then they might have been obviated.

The third ground, however, was well taken.

The plaintiffs had the right to require the defendants to take back and pay for the stock one year from the date of the agreement on giving the notice therein required. They gave the notice that on September 11, 1920, they would tender the stock and expect a certified check. When they allowed this date to pass without making the tender, they lost the right to tender the stock and to demand payment. Thereafter the contract was at an end and the situation was precisely the same as if there had never been one. Four days after the contract had ceased to exist the plaintiffs made a demand on and tendered the stock to one of the defendants. This was not a tender under the contract but an offer on the part of the plaintiffs to revive the old contract or make a new one, which the defendants refused to accept. No tender was made to the other defendant. There was no waiver by reason of the failure of the defendants to state as a ground of their refusal

that the tender was not timely, for this was not a tender of performance under the old contract, but an attempt to open negotiations for a new one, which the defendants refused. It makes no difference upon what ground he based his refusal. The plaintiffs cannot recover because they had no contract to enforce. (*Page v. Shainwald,* 169 N. Y. 246, 252.) In this latter case the time for tendering back the stock was specified in the contract as January 1, 1898, which was a legal holiday. The next day was Sunday and the tender was made on January 3, 1898, and the court held that the rights under the contract ended when the tender was not made on January 1, 1898.

The judgment and order should be reversed, with costs to appellants, and the complaint dismissed, with costs to the defendants.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and the complaint dismissed, with costs.