ANNA E. SHAW, Plaintiff, *v.* CITY OF LOCKPORT, Defendant.

Supreme Court, Niagara County, January 2, 1929.

*Storrs & Storrs*, for the plaintiff.

*George W. Riley, Corporation Counsel*, for the defendant.

EDWARD R. O'MALLEY, J. This is a motion to set aside the verdict of the jury in favor of the plaintiff, upon the ground plaintiff failed to file a notice of her claim for damages within the time specified in defendant's charter (Laws of 1911, chap. 670, § 100).

The charter provides that all claims shall be " presented to the common council in writing within sixty days after the happening of the accident or injury. * * *."

The accident occurred about six o'clock on the evening of October 12, 1926, and the notice of claim was filed on December 13, 1926, the second day after the sixty-day period had expired. Plaintiff claims that there was a substantial compliance with the provisions of the charter by reason of notice given to various city officials. Plaintiff's son testified that he telephoned the superintendent of streets, the assistant superintendent of streets and the city clerk immediately following the accident, telling them of the accident to plaintiff, the place where it occurred, and asking them to replace a gutter plate that had become loose and which was the cause of plaintiff's accident. The city clerk came to the scene within two hours thereafter with an employee of the city and replaced the gutter plate. This testimony was uncontradicted.

Upon the trial the jury was instructed that the evidence showed a substantial compliance by the plaintiff with the charter provisions for giving notice of her claim, etc., but after further consideration I have concluded that the facts proven do not show such a compliance. It is conceded that neither the city clerk, the superintendent of streets, nor his assistant, had any power under the city charter to investigate, audit or settle claims against the city.

A claim addressed to and filed with the clerk instead of the president or treasurer of the village, as provided for by the village charter, is defective. (*Rogers* v. *Village of Port Chester*, 234 N. Y. 182.) In the above case, Judge POUND, writing for the court, said (at p. 186): " It is not for the court to say that the village officials had actual knowledge of the claims; that the failure to present them to the proper officer was unprejudicial to the defendant, or that technicalities should not be allowed to defeat a meritorious claim." (Citing *Cotriss* v. *Village of Medina*, 139 App. Div. 872; affd., 206 N. Y. 713.)

In the latter case it was held that a claim sufficiently explicit in form and properly presented but lacking a verification, was a nullity.

Plaintiff contends on this motion for the first time that inasmuch as the claim could have been legally filed any time on Saturday, December 11, 1926, a half holiday, and the municipal offices being closed at noon of that day, the earliest moment following the last day of the sixty-day period on which plaintiff could have filed

the claim was the following Monday, on which day it was filed and, therefore, filed in time. (Gen. Const. Law, §§ 24, 25.)

This contention cannot be sustained. Section 20 of the General Construction Law (as amd. by Laws of 1910, chap. 347) does not exclude a half holiday "from the reckoning if it is the last day " of a given period. (*Van Orden* v. *Simpson*, 90 Misc. 322; *Andes Co-Operative Dairy Co.* v. *Commercial C. Ins. Co.*, 207 App. Div. 102, 107.)

Plaintiff contends further that the action may be regarded as one in nuisance, and if so regarded, the charter provision requiring the giving of notice is not applicable. Plaintiff's complaint is clearly framed in negligence, and I do not think the evidence received upon the trial under that charge can now be held to establish a nuisance. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.)

In a new action framed in nuisance new and different evidence could properly be received under which plaintiff might establish a cause of action.

Upon the evidence the jury was warranted in finding the city negligent and that plaintiff suffered substantial damage. It is a matter of regret that she may not recover simply because she was a day or two late in filing her claim.

The verdict of the jury is set aside and the complaint is hereby dismissed, without prejudice, however, to plaintiff to bring a new action based on nuisance.