FREDERICK R. MEIER, Respondent, *v.* CITY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, Second Department, March 15, 1951.

.

*John P. McGrath, Corporation Counsel (Alfred Weinstein* and *Seymour B. Quel* of counsel), for appellant.

*Sidney Rosen* for respondent.

*Per Curiam.* The City Court of the City of New York lacks jurisdiction to hear a motion for leave to serve a late notice of claim upon the City of New York. Section 50-e of the General Municipal Law specifically provides (subd. 5) that an application for such relief " shall be made returnable at a trial or special term of the supreme court, or of the county court, in the county where an action on the claim could properly be brought for trial ". By implication, the application may not be made in any other court.

Apart from the jurisdictional defect noted, there was no showing of any disability which would have prevented the timely service of the notice of claim. (*Matter of Fabricant* v. *City of New York,* 273 App. Div. 975, affd. 298 N. Y. 818.) The time for the service of the notice of claim was not extended

by reason of the fact that the last day within which to serve it was a Saturday. A half-holiday is not excluded from the reckoning if it is the last day of a given period. (General Construction Law, §§ 20, 24; *Shaw* v. *City of Lockport*, 133 Misc. 393; also see, *Andes Co-Op. Dairy Co.* v. *Commercial Cas. Ins. Co.*, 207 App. Div. 102, 107, and *Van Orden* v. *Simpson*, 90 Misc. 322.) Additionally, the application was not made within one year after the occurrence. (*Matter of Martin* v. *School Bd. of Union Free Dist. No. 28, Long Beach*, 275 App. Div. 1042, affd. 301 N. Y. 233.)

The order should be unanimously reversed upon the law, without costs, and motion denied, without costs.

FENNELLY, HOOLEY and WALSH, JJ., concur.

Order reversed, etc.